# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 08-40060-JAR** |
| ) | |
| ) | |
| **MIJA SOPHIA LAWTON,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## ORDER

Defendant Mija Lawton pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a), and was sentenced to 70 months' imprisonment. The Tenth Circuit Court of Appeals subsequently granted the Government's motion to enforce the plea agreement and dismissed Defendant's appeal.[1]

Defendant has submitted to the Court a letter requesting unspecified transcripts and court documents to assist her in preparing a federal habeas corpus petition under 28 U.S.C. § 2255, on the grounds of ineffective assistance of counsel (Doc. 201). Defendant is not entitled, however, to free copies of transcripts or documents from this Court. An indigent defendant bringing a § 2255 claim is entitled to a free trial transcript provided that a judge certifies that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." To receive the requested transcript and other court documents, the § 2255 petitioner "must first demonstrate that [her] claim is not frivolous and that the transcript is needed to decide

---

[1] *United States v. Lawton*, 414 F. App'x 152, 2011 WL 678393 (10th Cir. Feb. 28, 2011).

the issue presented by the suit before the court is required to provide [her] with a free transcript."[2] This standard warrants denial of Defendant's request.

Moreover, a habeas petition must be filed to trigger the specific statute that grants indigent petitioners "documents" or "parts of the record" without cost.[3] Thus, Defendant's request for transcripts and court documents fails because there is nothing pending before this Court.[4] The Court directs the Clerk to send Defendant a copy of the docket sheet with instructions on how to request copies of transcripts and court documents at her own expense.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Transcripts and Court Documents (Doc. 201) is DENIED.

**IT IS SO ORDERED.**

Dated: May 18, 2012

  S/ Julie A. Robinson
 JULIE A. ROBINSON
 UNITED STATES DISTRICT JUDGE

---

[2] *Brown v. New Mexico Dist. Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 (10th Cir. Mar. 19, 1998) (citing *United States v. MacCollum*, 426 U.S. 317 (1976)); *see Nortonsen v. Larimer Cnty. Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a non-frivolous claim).

[3] *See* 28 U.S.C. § 2250; *United States v. Lewis*, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994).

[4] *See United States v. McKinney*, No. 06-20078-JWL, 2010 WL 1573919, at *1 (D Kan. Apr. 20, 2010).